CAIRO THREAD WORKS v. LUBELL et al.

(Supreme Court, Appellate Term. June 30, 1908.)

1. GUARANTY—DISTINGUISHED FROM SALE.

Plaintiff's salesman, having received a large order for goods from N., told one of the defendants, partners, in N.'s presence, that he could not extend credit to him to that extent, whereupon such defendant, after being assured that N. needed the goods and that they were "worth the money," told the salesman to ship the order and that he would pay for it. Held, that the transaction was not a sale to such defendant, but. if anything, his guaranty, not affecting his partners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, §§ 3–6.]

**2. FRAUDS, STATUTE OF—PROMISE TO ANSWER FOR DEBT OF ANOTHER—SALES.**
Where, in an action for goods sold, plaintiff's evidence showed that the transaction was at most defendant's oral guaranty to pay for goods sold another, and defendant pleaded the statute of frauds, judgment for plaintiff was improper.

**3. COURTS—MUNICIPAL COURTS—REVIEW OF PROCEEDINGS—QUESTIONS OF FACT.**
Under Municipal Court Act, Laws 1902, p. 1583, c. 580, § 326, authorizing the reversal of a judgment against the evidence, the Appellate Term will reverse a judgment for plaintiff in an action for goods sold defendants, partners, where the evidence shows that the transaction at most amounted to a guaranty by one of the defendants to pay for goods sold a third person, and there was no efficient evidence of a delivery of the goods to defendants.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Cairo Thread Works against Aaron D. Lubell and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Isaac Cohen, for appellants.
Irving S. Dorf, for respondent.

MacLEAN, J. Upon an issue of goods sold and delivered, the plaintiff's salesman testified that, one Nemeroff, to whom he had sold small bills, having given a large order (the basis of this action), he said to Mr. Aaron Lubell, whom he met with Nemeroff at the Lubells' place of business:

"Although we have given Mr. Nemeroff credit several times for small amounts, still that amount is too large for me to give him. * * * Mr. Lubell said: 'Mr. Nemeroff, do you need these goods? Mr. Nemeroff, are they worth the money?' He said: 'Yes, they are worth the money.' I explained to him that they were. Mr. Lubell said to me: 'You go ahead and ship it, and I will pay for it.'"

So far as concerns Aaron Lubell, that transaction was not his purchase, but, if anything, his guaranty. As concerns his codefendants and partners, that was nothing. Further evidence for the plaintiff, of which there was a good deal, heightened this aspect of the transaction. The Lubells were partners and manufacturers of blouses. Nemeroff, an independent contractor, made up material furnished by them on their premises with his own machines and men at fixed rates per dozen. Nemeroff, called by the plaintiff and being asked about the conversation, said he bought cotton (i. e., thread) from the salesman for $176. "It was a job." And he gave a similar version of the conversation, only attributing to each of the two Lubells, neither of whom was Aaron, and at different times, the guaranty that he would be responsible, making it Mr. Dave Lubell who told the salesman:

"Send the cotton. I am responsible for it."

There was no efficient evidence of delivery of the goods to the defendants. A messenger of the plaintiff stated that he left the goods at the premises; but Nemeroff also had his business and his 60 to 30

men at the same premises. There was put in a delivery receipt, signed by somebody who Nemeroff declared to have been a clerk of the defendants, and who the defendant Aaron said never had been in their employ, but who nobody said had any authority to sign for the defendants. At the close of the case the answer of the defendants was amended on a motion made very early in the trial, so as to set up the statute of frauds. With that plea in, the judgment should not have been given to the plaintiff. Even without that plea, the evidence so scantily supports the plaintiff's case that this court would even reverse the judgment on the facts according to the power now given it. Section 326, Municipal Court Act (Laws 1902, p. 1583, c. 580).

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.